Dear Mr. Hamilton:
This opinion is in response to your question asking whether the $3.00 fee which a county clerk is authorized to charge for his services pursuant to § 51.410, RSMo Supp. 1979, applies to various transactions which you have enumerated. We have written to the county clerk and asked him for clarification of some of the questions which are posed, and since we have not received such clarification, we will proceed to respond to those questions which are sufficiently clear to answer appropriately.
Section 51.410, RSMo Supp. 1979, provides:
 The county clerk shall charge a fee of three dollars for each certificate, bond, filing, petition, license, order, recording, or other document, writing, or transaction handled in accordance with the duties of the office of county clerk. The clerk shall pay into the treasury of the county any and all fees collected under the provisions of this section.
You ask whether the county clerk is authorized to charge the $3.00 fee for taking absentee ballots, and whether the clerk is authorized to charge such fee for certifying abstracts of votes to the secretary of state and to various political subdivisions. These questions are answered by Att'y Gen. Op. No. 182, Kirkpatrick, October 16, 1979, in which we concluded that the county clerk is not authorized to charge such fee for certain election procedures. A copy of that opinion is enclosed.
You ask whether the county clerk is authorized to charge such fee for filing campaign finance reports of committees and candidates under Chapter 130, RSMo. We enclose Opinion Letter No. 183, issued November 20, 1979, to James C. Kirkpatrick, which answers this question.
You ask whether the county clerk is authorized to charge such fee for filing pool table licenses. Under § 318.050, RSMo, the county clerk is paid fifty cents for each blank license not returned by the collector. We believe that this section applies and that the clerk should not charge the $3.00 fee.
You ask whether the county clerk is to charge such fee in regard to exercising his duties concerning merchants' licenses. We assume you refer to the clerk's duties in issuing such licenses. Section 150.150, RSMo Supp. 1979, provides that the collector at the time of delivering such license will collect the sum of $5.00, which is the fee allowed to the clerk for issuing the license. We believe that such section is applicable and that the legislature did not intend that the $3.00 fee would be charged for issuing such license.
You have asked whether the county clerk should charge a $3.00 fee for the issuance of an auctioneer's license. Section343.090, RSMo, provides that the clerk will receive a $2.00 fee for issuing such licenses which will be paid into the county general revenue fund. We believe that such section controls, and that the clerk should not charge the $3.00 fee. We enclose Opinion No. 180, rendered November 9, 1979, to John W. Briscoe, relating to auctioneers' fees. The clerk must also charge the fees required by § 343.080, RSMo, for such licenses.
You have asked whether the county clerk should charge the $3.00 fee for the filing of petitions for road openings and closings. We assume you refer to such provisions in Chapter 228, RSMo. It is our view that repealed § 51.410 specifically authorized a charge for the filing of such petitions and that present § 51.410
was intended to require a $3.00 fee for the filing of such petitions.
You ask whether the county clerk is to charge such fee for the filing of licenses of physicians and surgeons pursuant to § 334.060, RSMo, which provides that a $1.00 fee is to be charged for such filing. It is our view that the provisions of § 334.060 control, and that the $1.00 fee is to be charged and not the $3.00 fee.
You ask whether the county clerk is to charge such fee for his duties in regard to notaries public under §§ 486.230 and486.235, RSMo. Under § 486.230, the secretary of state, as provided, prepares the notary commission and forwards it to the county clerk in the county of the applicant's residence. Under § 486.235, the applicant is required to submit an appropriate bond, take a prescribed oath and submit his signature specimen before the county clerk awards the applicant his commission as a notary public. We believe that a single $3.00 fee should be charged by the county clerk for his services in connection with the awarding of such commissions.
You also ask whether the county clerk should charge an additional $3.00 fee with respect to his duties in making filings with the secretary of state's office in regard to other matters relating to such notaries public. We assume you refer to § 486.245, RSMo, under which the county clerk is required to forward to the secretary of state the notary public's bond, signature and oath. It is our view that the $3.00 fee should not be charged for such certification.
You state that the county clerk under § 51.122, RSMo, is to aid individuals with gas tax forms and ask whether such $3.00 fee should be charged for such assistance. Section 51.122 requires that the county clerk in counties of the second, third and fourth classes shall assist in the preparation of gas tax refund forms when requested by residents of the county. In our view such section indicates a legislative intent that no fee would be charged for such services. Therefore, we do not believe that any such fee should be charged.
You ask whether school boards which are required to file school levy forms with the county clerk's office should be charged a $3.00 fee for such filings. We assume you refer to the estimates under § 164.011, RSMo, on which the clerk extends the taxes. Since the filing is made by another political subdivision, pursuant to its legal responsibilities, we do not believe that the legislature intended that such a fee would be charged.
You ask whether such fee should be charged for the filing of bonds of county officials. We do not believe that it was the legislative intent to require that the $3.00 fee be charged for the filing of officers' bonds with the county clerk.
We believe that the conclusions that we reach here may be summarized under three separate theories. The first is that when the county clerk performs a service for which a statute other than § 51.410 specifies a particular fee, the fee so prescribed is applicable and not the $3.00 fee. Secondly, it is our view that in the absence of an express statutory provision where a political subdivision or special district of the state or a public officer of the state is required to make a filing or to request a certification or the like from the county clerk pursuant to its or his official duties, such a fee should not be charged. Thirdly, it is our view that individuals who require services of the clerk as enumerated in § 51.410 should be charged the $3.00 fee for such services in the absence of a contrary statutory provision.
It is our understanding that § 51.410 was amended with a view to simplifying the charges for the clerks' services. Obviously, the prior section was out of date and for that reason it is not possible to lay down a general rule to the effect that the $3.00 fee should be charged for all of the enumerated services under prior § 51.410.
Finally, it seems clear that § 51.410 has generated considerable confusion and as a consequence is a good subject for legislative revision.
CONCLUSION
It is the opinion of this office that the $3.00 fee which the county clerk is authorized to receive for his services pursuant to § 51.410, RSMo Supp. 1979, does not apply where a different statute prescribes the fee which is to be charged and, in the absence of an express statutory provision, does not apply to services rendered by the clerk to the county, other political subdivisions or special districts of the state, or to public officers of the state and local governments in the performance of their duties.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures Att'y Gen. Op. 182-1979 Att'y Gen. Op. Ltr. 183-1979 Att'y Gen. Op. 180-1979